UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| ROOSEVELT WILSON (N-14081), | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 09 C 7777 |
| | ) |
| | ) Hon. Charles R. Norgle |
| WARDEN HOSEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants failed to protect him from harm and Defendant Dr. Ghosh failed to provide needed physical therapy following injuries Plaintiff suffered from an attack by another inmate. This matter is before the court for ruling on Defendants' Mark Hosey's, John Burgess's, Eldwood Berthea's and Kerr Hampton's (hereinafter, "Correctional Defendants") motion for summary judgment and Defendant Dr. Ghosh's motion for summary judgment. For the reasons stated in this order, the Correctional Defendants' motion is denied and Dr. Ghosh's motion is granted.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the Court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th

Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594–595 (7th Cir. 2007), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted). The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

# LOCAL RULE 56.1 (N.D. ILL.)

Defendants filed their respective statements of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.). Together with their motions for summary judgment, Defendants included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" [document no. 42], as required by circuit precedent. That notice clearly explained the requirements of the Local Rules and warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings") (citing *Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d

1057, 1061 (7th Cir. 2006); see also *Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have . . . repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1." *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005).

Despite the admonitions stated above, Plaintiff failed to file a proper response to Defendants' statements of uncontested facts. Thus, Defendants' statements of uncontested facts are deemed admitted. However, because Plaintiff is proceeding *pro se*, the Court will grant him some leeway and consider the factual assertions he makes in his response to the Defendants' motions for summary judgment that are supported by his deposition testimony. However, the Court will entertain Plaintiff's factual assertions only to the extent that he could properly testify about the matters asserted. Among other things, a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602. In addition, a layperson may not testify about matters involving medical, technical, or other specialized knowledge. *See* Fed. R. Evid. 701, 702.

## FACTS

At all relevant times, Plaintiff was an inmate at the Stateville Correctional Center. (Correctional Defs.' 56.1(a)(3) Statement 4.) On May 28, 2008, the Administrative Review Board ("ARB") received a letter, dated May 15, 2008, from Plaintiff regarding claims that "gang bangers" were out to get him and that he wanted to be transferred. (*Id.* ¶ 5.) On August 26, 2008, Chairman Ford sent the letter back to Plaintiff and advised him to see his counselor. (*Id.*)

On September 12, 2008, Plaintiff filed an emergency grievance with Assistant Warden Hosey requesting placement in protective custody because he was receiving threats from known

gang members in E-Unit. (Plaint.'s Dep. pg. 19.) Hosey never responded respond to the emergency grievance. (*Id.*, pg. 21.)

On October 8, 2008, Plaintiff was released from segregation and sent back to E-Unit. (Plaint.'s Dep. pg. 24.) Upon entering E-Unit, Plaintiff was again threatened by gang members. (*Id.*) Plaintiff informed a lieutenant that he was receiving threats and asked to be placed in protective custody. (*Id.*) The lieutenant told Plaintiff either to go into his cell on E-Unit or go back to segregation because he was not being placed in protective custody. (*Id.*) Plaintiff chose to go back to segregation since he was still receiving threats and prison officials would not place him protective custody. (*Id.*)

On October 11, 2008, Plaintiff filed another emergency grievance with Hosey regarding his concerns for his safety and his request to be placed into protective custody. (Plaint.'s Dep. pg. 33.) Hosey never responded to the grievance. (*Id.*) On October 17, 2008, the ARB received a letter, dated October 12, 2008, from Plaintiff regarding claims that he had been writing to staff members about threats to his safety. (Correctional Defs.' 56.1(a)(3) Statement ¶ 6.) Chairman Ford sent the letter back to Plaintiff on January 19, 2009, advising Plaintiff to follow the grievance procedure and to provide his grievance and a grievance officer's response to the ARB. (*Id.*)

On October 29, 2009, Grievance Officer Tammy Garcia responded to Plaintiff's October 11, 2008 emergency grievance, finding the issues were moot because Plaintiff was in segregation and not in E-Unit. (Plaint.'s Dep. pg. 34.)

On December 8, 2008, Plaintiff was released from segregation and sent to cell 349 in D House. (Plaint.'s Dep. pg. 41.) Shortly thereafter, Plaintiff learned that his cell mate was a

member of the Gangster Disciples; upon learning this information, Plaintiff spoke with Defendants Burgess and Berthea about his cell mate and the threats that had been made by gang members. (*Id.*, pgs. 42-45.) Plaintiff's requests for a cell change were denied. (*Id.*).

On December 31, 2008, Plaintiff was attacked in his cell by his cell mate. (Plaint.'s Dep. pg. 49.) Plaintiff was taken to St. Joseph's Hospital that same day. (Def. Ghosh's 56.1(a)(3) Statement ¶ 17.) On January 5, 2009, Plaintiff was discharged from the hospital. (*I.d*, ¶ 18.) Due to an injury to his ankle, Plaintiff was discharged as "non-weight bearing on right leg physical therapy," and told to keep a splint on his ankle and to keep it clean and dry. (*Id.*) Plaintiff was also prescribed ceratin medications. (*Id.*) On January 7, 2009, Plaintiff was seen by a physical therapist for gait training. (*Id.*, ¶ 19.) On January 13, 2009, Plaintiff was seen by Dr. Widgerson who recommended that Plaintiff continue ambulation, non-weight-bearing. (*Id.*, ¶ 20.) Plaintiff was scheduled for an orthopedic follow-up visit for February 13, 2009. (*Id.*, ¶ 21.) Plaintiff refused to go to the February 13, 2009, follow-up visit. (*Id.*) On March 3, 2009, Plaintiff was again seen by Dr. Widgerson who recommended that Plaintiff wear an aircast ankle support and progress to ambulatory without crutches. (*Id.*, ¶ 22.)

On January 7 or 17, 2009, Plaintiff filed a grievance regarding the attack and the alleged failure of correctional officers to protect him from harm. (Plaint.'s Response, pg. 4.) On February 4, 2009, Counselor Harris refused to address the grievance and told Plaintiff to forward his grievance to the grievance officer. (*Id.*) Plaintiff forwarded the grievance to Garcia who never responded. (*Id.*)

Plaintiff then filed an appeal before the ARB. (Plaint.'s Response, pg. 4; Correctional Defs.' 56.1(a)(3) ¶ 7.) The ARB refused to address the grievance, stating that Plaintiff must have

the grievance officer's and Chief Administrative Officer's response before he could file an appeal. (Correctional Defs.' 56.1(a)(3) Statement ¶ 7.) Plaintiff then forwarded a copy of the grievance to Grievance Officer Thompson. (Plaint.'s Response, pg. 5.) At the time Plaintiff filed suit, in February of 2010, he had not yet received a response from Thompson. (*Id.*)

## ANALYSIS

All Defendants argue that Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

An inmate must take all the steps required by the prison or jail's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Exhaustion is a precondition to filing suit, so that an inmate's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *Ford*, 362 F.3d at 398; *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999). The purpose of the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before the filing of a federal lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).

However, a prisoner need only exhaust the administrative remedies that are "available" to him. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002). A prison employee who prevents a prisoner access to a remedy can render that remedy unavailable, and, under such circumstances, a failure to exhaust would not bar filing suit. *See Pavey*, 544 F.3d at 742; *Dale*, 376 F.3d at 656. Importantly, failure to exhaust administrative remedies is an affirmative defense; correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale*, 376 F.3d at 655.

The grievance procedure, as set forth in the Illinois Administrative Code, provides that an inmate shall first attempt to resolve the issue with his or her counselor. If the issue cannot be resolved with the counselor or if the grievance pertains to a disciplinary proceeding, the inmate may file a written grievance within sixty days of the incident. 20 Ill. Admin. Code 504.810(a). The Chief Administrative Officer shall advise the inmate of the findings and recommendations within two months of the receipt of the written grievance. 20 Ill. Admin. Code 504.830(d).

An inmate may also request that a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer. The grievance is resolved on an emergency basis if the Chief Administrative Officer determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate. 20 Ill. Admin. Code 504.840.

If an inmate does not believe that a grievance has been resolved to his or her satisfaction, the inmate may appeal in writing to the Director within thirty days after receiving the Chief

Administrative Officer's findings and recommendation. 20 Ill. Admin. Code 504.850. The Director reviews the appeal to determine if a hearing before the Administrative Review Board is required. If the Director determines that the grievance is meritless or can be resolved without a hearing, the inmate is so advised in writing. If the grievance requires a hearing, the Administrative Review Board conducts a hearing and submits a written report to the Director. The Director then makes a final decision within six months of receipt of the appealed grievance, where reasonably feasible. 20 Ill. Admin. Code 504.850.

Defendants have failed to demonstrate that Plaintiff failed to exhaust the administrative remedies that were available to him. Previously, Defendants moved to dismiss Plaintiff's complaint, arguing that he failed to exhaust his administrative remedies. The Court denied Defendants' motion to dismiss, finding that Plaintiff had attempted to exhaust his administrative remedies but the prison officials prevented him from doing so. *See* Minute Order of July 23, 2010. Defendants have not presented any additional facts in their present motions that alter the Court's previous ruling.

Plaintiff filed at least two grievances prior to the attack regarding his fear for his safety. Hosey refused to respond to the first grievance and the second grievance was considered moot because Plaintiff was in segregation. However, the continuing issue of Plaintiff's safety was not addressed. Following the attack, Plaintiff filed a grievance with Counselor Harris. Harris refused to address the grievance and told Plaintiff to forward his grievance to the grievance officer. Plaintiff followed Harris's instructions and forwarded the grievance to Garcia. However, Garcia failed to respond to the grievance, so Plaintiff filed an appeal before the ARB. The ARB refused to address the grievance, stating that Plaintiff must have the grievance officer

and Chief Administrative Officer's response before he could file an appeal. However, those same individuals had failed to respond to the grievance, prompting the appeal to the ARB. Plaintiff continued to try to exhaust his administrative remedies by forwarding a copy of the grievance to Officer Thompson. Prior to filing suit, Plaintiff had not yet received a response from Thompson.

The undisputed facts regarding Plaintiff's multiple attempts to exhaust his administrative remedies to allow prison officials the opportunity to address Plaintiff's claims show that prison officials prevented Plaintiff from fully exhausting his administrative remedies as related to his instant suit. However, because it was the prison officials who prevented Plaintiff from fully exhausting his administrative remedies as to his instant suit, such failure to exhaust does not bar the present suit.

Defendant Ghosh also argues that Plaintiff failed to establish that Dr. Ghosh was deliberately indifferent to Plaintiff's serious medical needs.

Even viewing the evidence in the light most favorable to Plaintiff, no reasonable person could find that Dr. Ghosh acted with deliberate indifference by not prescribing additional physical therapy for Plaintiff's ankle injury. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011).

### A. No Objectively Serious Medical Need

The Court will assume for purposes of this motion that Plaintiff's ankle injury was "serious" in the constitutional sense. Nevertheless, Plaintiff has not demonstrated that his perceived need for additional physical therapy amounted to a serious medical need. The Constitution is violated only if correctional officials and prison officials are inattentive to an objectively serious medical need (or signs of a serious medical need). *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Buck v. Lake County Sheriff*, No. 03 C 1740, 2004 WL 2983966, *11 (N.D. Ill. Dec. 23, 2004) (Gottschall, J.). In this case, Plaintiff has provided no evidence whatsoever that he needed the additional physical therapy; the Court has only his say-so. In contrast, Defendant Dr. Ghsoh as demonstrated that Plaintiff received the physical therapy that had been prescribed by Plaintiff's medical providers.

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would know that a doctor's attention was needed. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005); *Edwards v. Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff has not shown that he had a serious medical need for the additional physical therapy he believes would have helped with the pain he suffered.

Plaintiff has provided no authority whatsoever to support his claim that his injury required additional physical therapy. Plaintiff merely assumes that additional physical therapy would have helped eleivate some of the pain he suffered. Plaintiff's insistence that he belived

-11-

additional physical therapy was needed is insufficient to create a triable issue of fact. Plaintiff, a layperson, is not qualified to testify about medical protocol. *See* Fed. R. Evid. 701, 702. Plaintiff has adduced no competent, admissible evidence demonstrating that dditional physical therapy was required. Unsupported statements in a brief are not evidence and cannot be given any weight. *See, e.g., Johnson v. McCann*, No. 08 C 4684, 2010 WL 2104640, *1 (N.D. Ill. May 21, 2010) (Norgle, J.). Plaintiff's subjective and unsubstantiated need for physical therapy therefore fail to meet the objective standard.

### B. No Deliberate Indifference

Even assuming that Plaintiff did have a serious medical need for additional physical therapy, he cannot satisfy the subjective component as to Defendant Dr. Ghosh. To establish a deliberate indifference claim, a prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The fact that a prisoner has received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011) (Kocoras, J.). Plaintiff has not met his burden of production.

The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice,

or standards. *Roe*, 631 F.3d at 857; *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010), citing *Estelle*, 429 U.S. at 106. Questions of whether certain diagnostic techniques or forms of treatment are warranted are a "classic example of a matter for medical judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996), quoting *Estelle v. Gamble*, 429 U.S. at 97. Plaintiff is not constitutionally entitled to the medication or treatment of his choice. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

The undisputed facts demonstrate that Dr. Ghosh provided the medical treatment, including physical therapy, prescribed by Plaintiff's treating physicians. Inmates are not constitutionally entitled either to "demand specific care" or even to receive the "best care possible;" rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) (citing *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997)). Plaintiff has failed to demonstrate that Dr. Ghosh acted with deliberate indifference by not prescribing additional physical therapy above the physical therapy already prescribed by Plaintiff's treating physicians.

Based on the above, the Court finds that Defendant Dr. Ghosh is entitled to judgment as a matter of law as to Plaintiff's deliberate indifference to medical care claim.

## CONCLUSION

For the foregoing reasons, the Correctional Defendants' motion for summary judgment [106] is denied. Defendant Dr. Ghosh's motion for summary judgment [104] is granted. At the close of the case, the Clerk is directed to enter summary judgment in favor of Defendant Dr. Ghosh pursuant to Fed. R. Civ. P. 56. Dr. Ghosh is terminated as Defendant in this matter.

Dated: 3-15-12

Charles R. Norgle
United States District Court Judge